BARTOLA COLLAZO ET AL., Plaintiffs and Appellant the first, *v.* EUDOSIA MOURIÑO ALVARADO ET AL., Defendants and Appellees.

No. 6769. Argued November 5, 1934.—Decided November 22, 1934.

*Ramón G. Goyco* for appellant. *L. Tormes García* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The defendants have filed a motion asking us to dismiss the appeal which one of the plaintiffs took from a judgment which dismissed the complaint.

One of the grounds of the appellees' motion is that since the appeal had been taken on August 29, 1933, the transcript of the record should have been filed in this court within the thirty days following the appeal, as no transcript of the evidence is necessary to decide this appeal.

The defendant set up as special defenses in their answer to the complaint that the same does not state facts sufficient to constitute a cause of action, and also a plea of prescription. Those objections were discussed by the parties at the commencement of the trial, but the court having stated that it would have to declare a continuance of the trial to decide the same, the parties agreed that the evidence would be heard by the court without prejudice of its deciding later on the said objections on the pleadings, to which the court acceded. Some time after the trial was heard, the court sustained the defendants' demurrer to the complaint and consequently rendered judgment dismissing the complaint. The court did not consider in rendering that decision the evidence introduced at the trial, but the allegations of the parties.

After this appeal was taken on August 29, 1933, as we said before, the appellant requested the stenographer to prepare the transcript of the evidence for her appeal, and has obtained extensions of time for that purpose. Almost a year thereafter, on July 16, 1934, the motion at bar to dismiss the appeal was filed, which, due to the proximity of the vacation of this court, was not heard until the present month of November. Meanwhile, the appellant filed the transcript of appeal containing the evidence, on September 11, 1934.

It is well known that a demurrer to a complaint must necessarily be decided according to the facts alleged in the complaint, as the lower court did, and not on other facts not appearing therefrom. Therefore, in order that we may decide in this appeal whether the district court erred in sustaining the defendants' demurrer and dismissing the complaint, we shall have to examine only the allegations, absolutely ignoring the evidence introduced at the trial. For this reason the transcript of the evidence in this case was not necessary for the perfection of the appeal, and hence the transcript of the record in support of the appeal taken should have been filed in this court within the thirty days following the filing of the notice of appeal, or within the extensions

of time granted to that effect. *Hernández* v. *Quiñones,* 34 P.R.R. 690; *People* v. *Sociedad Civil Borda & Calaf,* 43 P.R.R. 897. The appellant failed to do so and her appeal must be dismissed on that ground.